* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission hereby affirms the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing before the Deputy Commissioner on defendant's Motion To Dismiss was held on April 1, 2004.
2. Plaintiff alleges a claim for medical negligence in his Tort Claim Affidavit filed with the North Carolina Industrial Commission.
3. Plaintiff's claim fails to assert that his medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness and who is willing to testify that the medical care did not comply with the applicable standard of care.
4. Defendant moved to dismiss plaintiff's claim for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
5. At the hearing before the Deputy Commissioner on defendant's Motion to Dismiss, plaintiff requested an opportunity to produce an affidavit in compliance with Rule 9(j). By the terms of the Interlocutory Decision and Order of the Deputy Commissioner entered on April 27, 2004, plaintiff was allowed up to and including September 24, 2004, in which to provide an affidavit in compliance with Rule 9(j). The required affidavit was not been submitted within the time ordered.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The State is liable in tort only as provided in the Tort Claims Act. Nello L. Teer Company v. State Highway Commission,265 N.C. 1, 143 S.E.2d 247 (1965). The plaintiff has the burden of proving all elements of negligence on the part of an alleged employee of the defendant named in the affidavit of claimant. N.C. Gen. Stat. §§ 143-291, 143-297.
2. In cases in which malpractice is alleged, the plaintiff must demonstrate by the testimony of a qualified expert that the treatment administered by the defendant was in negligent violation of the accepted standard of medical care in the community, and that the defendant's treatment proximately caused the injury. See Ballenger v. Crowell, 38 N.C. App. 50,247 S.E. 2d 287 (1978). The plaintiff has failed in his burden to provide the testimony of a qualified expert in the form of an affidavit stating that the treatment administered by the defendant was in negligent violation of the accepted standard of medical care.Id.; and N.C. Gen. Stat. §§ 143-291, 143-297.
3. A complaint alleging medical malpractice by a health care provider shall be dismissed unless the pleading complies with the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 9.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for medical negligence against defendant is dismissed with prejudice.
2. This case is referred to the Docket Section of the Industrial Commission to be schedule for hearing on plaintiff's claim for a slip and fall.
Each side shall bear its own costs.
This the __ day of July 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER